IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

MARYELLEN SMALLS,

     Plaintiff,

v.                                CIVIL ACTION NO.: 4:16cv23

CHRIS SMALLS

     Defendant.

## *MEMORANDUM OPINION AND ORDER*

Before this Court is Plaintiff-wife Maryellen Smalls's Motion to Remand filed pursuant to Title 28, United States Code, Section 1147 in response to Defendant-husband Chris Smalls's Notice of Removal. Plaintiff seeks to remand the matter to state court for two reasons. First, Plaintiff argues that this Court lacks subject matter jurisdiction. Second, she asserts that even if this Court has subject matter jurisdiction, Defendant's Notice of Removal was untimely pursuant to Title 28, United States Code, Section 1147(b)(1). For the reasons discussed below, Plaintiff's Motion is **GRANTED** and this matter remanded to the Circuit Court of the City of Newport News for disposition.

## I. PROCEDURAL AND FACTUAL HISTORY

This matter is a continuing divorce action Plaintiff filed in the Circuit Court of the City of Newport News on January 23, 2008. On October 18, 2013, the Circuit Court issued an Arrearage Order stipulating the terms of Defendant's child support obligations to Plaintiff. The Circuit Court concluded after an *ore tenus* hearing that Defendant made $1,379 per month based on averages of his 2011 and 2012 income, plus an additional $405 in disability payments. Based on

1

this information, the Circuit Court ordered Defendant to pay child support in the amount of $334.32 per month.

The dispute did not end that day. On August 11, 2014, the Circuit Court issued a Final Divorce Decree and found Defendant in contempt for failing to pay his court-ordered child support obligations outlined in the October 18, 2013, Order. The court determined that Defendant owed Plaintiff over $16,000 in unpaid child support and imposed a jail sentence of 12 months, or until Defendant reduced his arrearage by $7,000. On October 21, 2015, the Circuit Court again found Defendant in contempt and sent him to the Newport News City Jail for a period of 16 days. ECF No. 5-2. Defendant was most recently found in contempt for failing to pay child support on February 16, 2016.

Defendant claims he could not meet the terms of the Final Divorce Decree because of his lack of financial resources. *See* Def.'s Opp'n. to Pl's Mot. to Remand at 3 ("ability to pay was not and has not been proven . . . it is well documented that Defendant's sole source of income is SSI"). Since June 4, 2015, Defendant has filed approximately 21 various motions in the Newport News Circuit Court ranging from pleas to modify his child support obligations to motions to disqualify the presiding state court judge. *See* Pl's Notice and Mot. for Sanctions at 1. Nearly all have been unsuccessful. For example, Defendant filed a Petition for Garnishment Exception to prevent the court from attaching his Wells Fargo bank account in satisfaction of his child support debts. The Circuit Court determined that the account in question was closed and therefore never subjected to garnishment. *See* Order, June 11, 2015. ECF No. 2-1. On February 6, 2016, the Circuit Court found Defendant in contempt under Va. Code Ann. § 8.01–271.1 for filing numerous motions based on "improper purpose[s], such as to harass or cause unnecessary delay or needless increase in the cost of litigation." On March 2, 2016, Plaintiff filed a Notice and

Motion for Sanctions seeking to enjoin Defendant from filing additional pleadings without permission from the court and to recover reasonable attorney's fees. She filed a Notice on March 11, 2016, stating her intention to move for an award of sanctions on May 2, 2016.

Defendant now seeks to protect his benefits in federal court. On April 11, 2016, Defendant acting *pro se* sent his Notice of Removal to Plaintiff's counsel with a copy to the clerk of the state court. On that same day, he moved in federal court for *in forma pauperis*, claiming that he is unemployed, entirely dependent on his SSI benefits for income, and cannot pay the fees of his litigation. The Court granted his motion on April 15, 2016. *See* Order on Application to Proceed without Prepayment of Fees, ECF No. 4. Plaintiff subsequently filed her Motion to Remand on May 10, 2016 attacking subject matter jurisdiction and the timeliness of removal. Defendant filed his Opposition to Plaintiff's Motion to Remand on May 26, 2016, in which he argues that removal is both appropriate and timely.

## II. LEGAL STANDARDS

Federal courts are courts of limited jurisdiction and the law presumes that an action lies outside this limited jurisdiction, unless stated otherwise by the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In order to remove an action from state court to federal court, the movant must demonstrate that the action could have originally been filed in federal court. 28 U.S.C. § 1441. The movant must either show diversity of citizenship between the parties or that the matter in question "aris[es] under this Constitution, the Laws of the United States" pursuant to U.S. Const. Art. III, § 2, cl. 1. Removal power lies with the defendant, as the plaintiff has already chosen to commence the action in state court. 28 U.S.C. § 1441(a).

3

The movant faces a heavy procedural burden to remove and must prove federal subject matter jurisdiction by a preponderance of evidence. *Lien v. H.E.R.C. Prods., Inc.*, 8 F. Supp. 2d 531, 532 (E.D. Va. 1998); *see also Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994) (affirming that the burden of demonstrating jurisdiction resides with the party seeking removal). The federal court must construe removal jurisdiction strictly because of the "significant federalism concerns" involved. *Id.* "If federal jurisdiction is doubtful, a remand [to state court] is necessary." *Id.* Therefore, the movant must state with precision what he hopes the federal court to rule on and why federal subject matter jurisdiction is proper. If the movant cannot meet this burden, the federal court must remand the matter.

The party seeking to remand the matter to state court can challenge removal through multiple ways. The remanding party can contest subject matter jurisdiction by showing that the parties are not diverse, or the claim does not in fact arise under federal law. A motion to remand can also be based on a procedural defect, such as removal tardiness or failure to provide sufficient notice to the non-movant party. 28 U.S.C. 1447(c). The statute that governs the issue of removal timeliness, 28 U.S.C. 1446(b)(1), states in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*Id.* The 30 days begin to toll after the movant party receives a complaint which presents a removable claim. The facts supporting removal must be evident on the face of the complaint, determined by the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Lovern v. General Motors Corp. (4th Cir. 1997) 121 F3d 160, 162. Under federal claim jurisdiction, the defendant need not speculate about removability at the

commencement of a state action because he may remove after receiving notice that that the

action is, in fact, based on a federal claim. *See* Fritzlen v. Boatmen's Bank, 212 U.S. 364, 372

(1909) (holding that a petition to remove a cause to a federal court is on time when filed as soon

as petitioner learns of . . . a removable controversy).

### III. DISCUSSION

Plaintiff filed the instant Motion based on two criteria. First, she argues that the Court

must remand her case back to state court because it lacks subject matter jurisdiction. Second, she

claims that even if the Court has subject matter jurisdiction, Defendant failed to timely file his

Notice of Removal pursuant to 28 U.S.C. § 1446(b)(1).

### 1. Lack of Subject Matter Jurisdiction

Plaintiff asserts that the Court lacks subject matter jurisdiction over her divorce case.

Mot. at 2. She invokes the domestic relations exception to federal subject matter jurisdiction as

her sole source of attack against removal from state court. *Id.* ("[T]he whole subject of domestic

relations . . . belongs to the laws of the states and not to the laws of the United States") (citing *In

re Burris*, 136 U.S. 586, 593-94 (1890)). Indeed, the United States Supreme Court ruled long ago

that the federal courts have no jurisdiction over family matters such as divorce and the allowance

of alimony. *Barber v. Barber*, 62 U.S. 582 (1859). Although the federal courts cannot issue

divorce, alimony, or child support decrees, they do have jurisdiction to ensure the terms of a

domestic dispute properly obtained in state court comply with federal law. *Ankenbrandt v.

Richards*, 504 U.S. 689, 702 (1992). Furthermore the Fourth Circuit held that the domestic

relations exception to federal jurisdiction only applies to diversity cases, not cases dealing with

federal claim jurisdiction. *See United States v. Johnson*, 114 F.3d 476 (4th Cir. 1997) ("The

'jurisdictional exception,' in the first place, is applied only as a judicially implied limitation on

the diversity jurisdiction; it has no generally recognized application as a limitation on federal question jurisdiction"). Diversity of citizenship between the parties is not at issue in the present case.

Defendant does not state with legal specificity why he believes his case should remain in federal court. The precise nature of his dispute is unclear. He argues that because the Plaintiff "asserts claims (for relief) upon [his] Supplemental Security Income (SSI)" this Court has jurisdiction under the federal question doctrine. Not. of Remov. at 2. Defendant further claims that the Court has jurisdiction because his "constitutional rights have been violated [and] the federal law is an ingredient to the pursuit." Def.'s Opp. to Pl.'s Mot. to Remand at 4.

Defendant's claims are not entirely without merit. The statute that governs the assignment of federal benefits, 42 U.S.C. § 407(a), provides in pertinent part that: "The right of any person to any future payment . . . shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this title shall be subject to execution, levy, attachment, garnishment, or other legal process . . . ." *Id.* Concerned for the welfare of children affected by divorce, Congress enacted 42 U.S.C. § 659 to carve out a child support exception to § 407. However, many courts have noted that § 659 does not apply to benefits such as SSI because they are not "remuneration for employment" as § 659 describes. *See Sykes v. Bank of Am.*, 723 F.3d 399, 405 (2d. Cir. N.Y. 2013) ("We now join the majority of courts . . . [by holding] that SSI benefits are not attachable pursuant to the child support exception in § 659(a) because they do not constitute monies received in remuneration for employment"). SSI benefits are a form of public assistance set at a federally guaranteed level of subsistence to support those unable to work, not to supplement lost income due to injury or disease. *Id.* (citing *Schweiker v. Wilson*, 450 U.S. 221 (1981)). The law therefore appears to be

on Defendant's side that federal SSI benefits cannot be burdened by state court child support orders. *See, e.g., Dep't. of Public Aid ex rel. Lozanda v. Rivera*, 324 Ill. App. 3d 476, 479 (2001) ("To allow courts to order child support payments to come out of SSI benefits would seriously damage the clear and substantial interests that section 407(a) represents"); *Davis v. Office of Child Support Enforcement*, 341 Ark. 349, 354 (2000) ("[W]e hold that the sovereign immunity exception created by § 659 does not apply to SSI benefits"); *Tennessee Department of Human Services ex rel. Young v. Young*, 802 S.W.2d 594, 597-99 (Tenn. 1990) (In the absence of federal statutory or case law to the contrary, we have no choice but to uphold the anti-garnishment provisions of 42 U.S.C. § 407(a)). However, whether the particular concerns of the Defendant fall within the jurisdiction of this Court is another matter entirely.

Given the nature of the present dispute, Defendant must raise a question of federal importance to remain in federal court. In *Sykes v. Bank of America*, the Second Circuit found federal subject matter jurisdiction for the plaintiff-SSI disability recipient in a divorce action. The plaintiff in that case challenged the lawfulness of a levy placed on his bank account which contained his SSI funds. The *Sykes* court determined that the plaintiff, "[D]oes not complain of injuries caused by a state court judgment, nor does he challenge the validity or enforcement of the child support order itself." *Id.* at 404. Rather, the plaintiff invoked a question of federal importance, namely whether Bank of America had lawful authority under 42 U.S.C. § 407(a) to levy the plaintiff's SSI benefits. *Id.* Defendant in this matter has not produced any evidence to buttress a claim that his SSI benefits are burdened by a state court judgement. Defendant would seek to have the Court deduce from his *in forma pauperis* petition that the only way he could possibly pay for child support would be out of his federal benefits. However, the state Circuit

Court certainly has the capability, and the authority, to adjudicate the issue of Defendant's financial status.

The limitations of Defendant's argument need not be fatal, unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert denied*, 439 U.S. 970. (quoting from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Defendant filed with the Court *pro se* and as such, the Court must construe his motion liberally and interpreted to raise the strongest arguments that it suggests. *Id.* However, the Defendant has no conceivable argument to support his claim for federal jurisdiction. He does not challenge a state court decision to garnish his SSI benefits or levy his bank accounts. He has not sued a state agency or private bank tasked with levying his benefits. *See Sykes*, 723 F.3d 399. He does not contest the legality of the many state court orders which held him in contempt for failing to pay child support. *See Rose v. Rose*, 481 U.S. 619 (U.S. 1987) (ruling that a *state court* had jurisdiction to hold a disabled veteran in contempt for failing pay child support out of his veteran benefits) (emphasis added). He does not even allege that the Plaintiff has violated federal law. *See Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015) ("[The Plaintiff] requests that we apply federal law to determine whether the officials overseeing his child support case conspired against him—an inquiry that does not require us to apply [state] child custody law"). He removes based solely on a perceived threat against his SSI benefits posed by the Plaintiff's claim for relief, even though the Plaintiff, or the Newport News Circuit Court for that matter, has never explicitly sought to attach those benefits. A reasonable interpretation of Defendant's Notice of Removal suggests that he wants the Court to alter the terms of his Divorce Decree to reflect his financial condition; something which the Court cannot entertain. *See Ankenbrandt*, 504 U.S. at 701-702. Because of Defendant's

ambiguous invocation of federal subject matter jurisdiction and claim for relief, he has not met his substantial procedural burden, even under a more generous standard reserved for *pro se* litigants.

Defendant did have an opportunity to argue more forcefully for subject matter jurisdiction, but chose to spend the majority of his Opposition memo challenging the state Circuit Court's findings of contempt. He asserts that there "was no evidence proving the Defendants [*sic*] had, have, or has the 'ability to pay' and refused." Def.'s Opp. to Pl.'s Mot. to Rem. at 2. Yet on the October 18, 2013, Arrearage Order, the Circuit Court discovered that Defendant grossed an income of approximately $1,300 per month over and above his SSI disability income. In any event, determining whether Defendant has the means to pay child support, or that the Divorce Decree is fair or well-researched, are issues best suited for state court. The Court has no jurisdiction to weigh-in on this matter.

Defendant has ultimately failed to state a claim which confers subject matter jurisdiction on this Court. Therefore, in strictly construing removal jurisdiction, this Court must remand this action. Plaintiff's Motion to Remand must be granted so the Circuit Court can sort out the lingering child support issues, including whether Defendant has an ability to meet his child support obligations without materially affecting his federal benefits.

## 2. The Timing of the Defendant's Notice of Removal

Plaintiff makes an additional argument that even if this Court has jurisdiction over the proceedings, Defendant failed to file his Notice of Removal on time. Mot. at 2. Plaintiff argues that the 30 days began to toll after the initial Divorce Complaint was served on Defendant on April 7, 2008. She further maintains that following the entry of the Divorce Decree, Defendant

received a copy of the Rule to Show Cause prior to his appearance in court on June 10, 2014. *Id.* In her opinion, the time for removal has long passed.

Defendant makes a number of conflicting remarks regarding the issue of timeliness. To begin, his Notice of Removal states that, "On March 11, 2016, Plaintiff Maryellen Smalls commenced a continuing action against Defendant by filing her Complaint in State Court." Def's Not. of Remov. at 1. Yet at the end of his Notice of Removal, Defendant claims that, "The Notice of Removal is timely file [*sic*] . . . because the Plaintiff was notified on or about April 11, 2016, and is filing this Notice of Removal within 30 days of service." *Id.* at 5. The removal statute, 28 U.S.C. 1446, clearly states that the 30 days toll, "after the receipt by *the defendant* . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* (emphasis added). The 30 days did not begin, as Defendant believes, around the time Plaintiff was notified of the Notice of Removal (April 11, 2016), but rather immediately after Defendant was served with the initial complaint presenting a removable claim. On the next page of his Notice of Removal, Defendant states that he received a "copy of the Complaint" from Plaintiff on June 14, 2014, which "is the initial pleading setting forth the claim for relief upon which this action is based," but he makes no mention of the March 11, 2016, pleading. *Id.* at 2. Lastly, in his Opposition memo, Defendant concludes that removal is timely, but does not provide analysis. Def's Opp. to Pl's Mot. to Remand at 4.

The issue of timeliness ultimately depends on what Defendant seeks to challenge in federal court. The March 11, 2016, document in question is a Notice prepared by Plaintiff notifying the court that she intends to proceed in her motion to sanction Defendant for filing frivolous pleadings and to recover reasonable attorney fees. The document makes no mention of the terms of the Divorce Decree, child support obligations, or Defendant's income. It surely does

not plead the court to garnish or levy Defendant's SSI benefits. Once again, it is unclear what

exactly Defendant is challenging by removing to federal court. The March 11, 2016, Notice does

not provide material that Defendant disputes in his Notice of Removal. If the nature of the

present dispute centers on the initial divorce proceeding, then the 30 days would have tolled after

Defendant received the April 7, 2008, Divorce Complaint and became aware of a removable

issue. If Defendant seeks to challenge a condition of the divorce sought by Plaintiff prior to

March 11, 2016, such as Plaintiff's March 2, 2016, Notice and Motion for Sanctions, his Notice

of Removal would also not be timely and the matter must be remanded.

<h2 style="text-align:center">CONCLUSION</h2>

The Court grants Plaintiff's Motion to Remand for multiple reasons. First, Defendant has

not satisfied his substantial burden necessary to remove to federal court. The Court finds that the

issue presented does not confer federal subject matter jurisdiction. Defendant's present concerns

do not involve a federal question. It appears that Defendant wants his child support obligations

adjusted by a federal court to reflect his socioeconomic difficulties. Such matters are clearly

within the domain of state family law. Second, it is unclear whether Defendant removed on time

because of the ambiguous nature of his dispute. The only way he could have filed on time would

have been to remove in response to Plaintiff's Notice filed 30 days prior. However, Plaintiff's

Notice makes no claim for relief pursuant to 28 U.S.C. 1446(b)(1). The Notice does not mention

Defendant's SSI benefits, the heart and soul of his claim for removal jurisdiction. Defendant's

removal to federal court cannot stand. Accordingly, Plaintiff's Motion to Remand is hereby

**GRANTED**.

This case shall be remanded to the Circuit Court for the City of Newport News for proper adjudication.

In addition, the Court **DIRECTS** the Clerk to send a copy of this Order to the parties and their counsel.

**IT IS SO ORDERED.**


Norfolk, Virginia
July 12, 2016

/s/
Raymond A. Jackson
United States District Judge

12